UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-CV-61249-AUGUSTIN-BIRCH

LEO SEAN PALMER,

    **Plaintiff,**

v.

STATE OF FLORIDA,

    **Defendant.**

_____/

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S VERIFIED PETITION FOR EMERGENCY INJUNCTION**

This cause comes before the Court *sua sponte* upon a review of the record. To initiate this litigation, Plaintiff Leo Sean Palmer, proceeding pro se, only filed a Verified Petition for Emergency Injunction. DE 1. Plaintiff did not file a Complaint. Without a Complaint, the Court cannot evaluate Plaintiff's Verified Petition for Emergency Injunction. *See Hency v. United Airlines, Inc.*, No. 21-61702-CIV, 2021 WL 3634630, at *2 (S.D. Fla. Aug. 17, 2021) ("Absent a properly-filed complaint, a court lacks power to issue preliminary injunctive relief. A complaint is required because injunctive relief must relate in some fashion to the relief requested in the complaint." (quotation marks and citation omitted)); *id.* ("Without an operative complaint, the Court cannot determine whether Plaintiffs have a substantial likelihood of success on the merits of any claims."); *see also Adair v. England*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002) ("When no complaint is filed, the court lacks jurisdiction to entertain the plaintiff's petition for injunctive relief."). Accordingly, the Court **RECOMMENDS DENYING WITHOUT PREJUDICE** Plaintiff's Verified Petition for

Emergency Injunction [DE 1]. The Court leaves to the discretion of the District Judge assigned to this case whether to close this case or to permit Plaintiff to file a Complaint.[1]

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**The Clerk of Court is directed to mail a copy of this report and recommendation to Plaintiff at the address listed below.**

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 21st day of July, 2025.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE

**Copies to:**

Leo Sean Palmer
1595 Palm Bay Road, #1009
Palm Bay, FL 32905

---

[1] From the Court's review of the Verified Petition for Emergency Injunction, it appears that Plaintiff is attempting to obtain an injunction to enjoin his pending prosecution for state crimes in Broward County Case Number 25002602CF10A. *See* DE 1 at 1–2 (complaining of the conduct of Judge Ernest A. Kollra and requesting "a temporary and permanent injunction against further prosecution, orders, and proceedings until proper jurisdiction is established"). If that is the case, Plaintiff bears a significant burden of persuasion. *See Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1262–63 (11th Cir. 2004) ("In *Younger* [*v. Harris*, 401 U.S. 37 (1971)], the Supreme Court established that absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions. This decision was based not on jurisdiction, but on the principles of equity and comity." (quotation marks and citations omitted)); *see also id.* at 1263 n.6 ("In *Younger*, the Supreme Court set out three exceptions to the abstention doctrine: (1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised.").