UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 25-cv-61249-DAMIAN

**LEO SEAN PALMER**,

    Plaintiff,

v.

**STATE OF FLORIDA**,

    Defendant.

_____/

### ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 6] AND DISMISSING CASE WITHOUT PREJUDICE

**THIS CAUSE** came before the Court on Magistrate Judge Panayotta Augustin-Birch's Report and Recommendation, entered on July 21, 2025 [ECF No. 6 (the "Report")].

THE COURT has reviewed the Report and the pertinent portions of the record and is otherwise fully advised.

In the Report, Magistrate Judge Augustin-Birch considers Plaintiff's "Verified Petition for Emergency Injunction" [ECF No. 1]. After carefully considering the Petition and the record, Judge Augustin-Birch issued the Report, recommending that the "Verified Petition for Emergency Injunction" [ECF No. 1] be denied on the basis that Plaintiff never filed a Complaint. The Report summarizes the relevant background and procedural history, and therefore, this Court will not set out the background in detail here. No party filed objections to the Report, and the time for doing so has expired. *See generally* Docket.

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory

committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

The undersigned has reviewed the Report, the record, and the applicable law to assure herself that no clear error appears on the face of the record. In light of that review, the undersigned agrees with the thorough analysis and well-reasoned recommendation stated in the Report and agrees with Judge Augustin-Birch's conclusion. Because there is no complaint, the Court cannot consider any injunctive relief. *See Alabama v. United States Army Corps of Eng'rs*, 424 F.3d 1117, 1134 (11th Cir. 2005) (explaining that a complaint is required because "injunctive relief must relate in some fashion to the relief requested in the complaint."). Accordingly, it is

**ORDERED AND ADJUDGED** that the Report **[ECF No. 6]** is **AFFIRMED AND ADOPTED** as follows: the "Verified Petition for Emergency Injunction" **[ECF No. 1]** is **DISMISSED.** In the event Plaintiff seeks to correct the error identified here and file a Complaint prior to filing a request for injunctive relief, Plaintiff shall do so (file a Complaint) **no later than August 26, 2025**. Failure to file a Complaint by that date will result in the closing of this case without further notice.

**DONE AND ORDERED** in Chambers in the Southern District of Florida this 5th day of August, 2025.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**